Matter of Darby (2025 NY Slip Op 04751)

Matter of Darby

2025 NY Slip Op 04751

Decided on August 21, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. David Friedman
Justice Presiding

Motion No. 2025-03172|Case No. 2025-03487|

[*1]In the Matter of Regina L. Darby an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Regina L. Darby (OCA Atty Reg. 1047703), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Regina L. Darby, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 7, 1977.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gina Patterson, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Regina L. Darby was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1977. Respondent attests that she is also admitted to practice before the United States Supreme Court and U.S. District Courts for the Southern and Eastern Districts of New York. This Court maintains continuing jurisdiction over respondent as the admitting Judicial Department (Rules for Attorney Disciplinary Matters [22 NYCRR] §1240.7[a][2]).
Respondent now seeks an order, pursuant to 22 NYCRR 1240.10, accepting her resignation as an attorney and counselor-at-law licensed to practice in the State of New York. In support of the relief sought respondent submitted her affidavit of resignation which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.
Respondent acknowledges that she is currently the subject of an investigation by the Attorney Grievance Committee (AGC) involving two allegations of professional misconduct. The first allegation concerns a commercial matter that was dismissed at least in part due to respondent's failure to appear in court. The second allegation involves respondent commencing an action, subsequently advising the client she could no longer provide representation, but then failing to formally withdraw as counsel.
Respondent accurately attests that the AGC's investigation does not allege that she willfully misappropriated or misapplied client money or property in the practice of law. Respondent attests that she cannot successfully defend against the allegations based upon the facts and circumstances of her professional conduct as described in the affidavit of resignation. Respondent attests that her resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking her name from the roll of attorneys and counselors-at-law.
Respondent acknowledges that her resignation is submitted subject to any application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that she makes restitution or reimburse the Lawyers' Fund for Client Protection, and she consents to the continuing jurisdiction of the Appellate Division to make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting her resignation, she shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which she has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. She understands that in the event the Court accepts her resignation, the order resulting from this application and the records and documents filed in relation to the aforementioned allegations, including her affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The AGC states that it does not oppose respondent's motion to resign while an investigation is pending. The AGC also does not oppose the relief sought in respondent's motion and recommends her resignation from the practice of law be granted.
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts her resignation (see e.g. Matter of Thomas, 178 AD3d 58 [1st Dept 2019]; Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Wallen, 149 AD3d 235 [1st Dept 2017]).
Accordingly, the motion should be granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 30, 2025, the date of her affidavit.
All concur.
Wherefore, it is Ordered that the application of respondent, Regina L. Darby, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 30, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Regina L. Darby, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Regina L. Darby, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Regina L. Darby, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 21, 2025