Matter of Bennett (2025 NY Slip Op 07099)

Matter of Bennett

2025 NY Slip Op 07099

Decided on December 18, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding
David Friedman Bahaati E. Pitt-Burke LlinÉt M. Rosado Kelly O''Neill Levy
Motion No.2025-05816 Case No.2025-06777 In the Matter of Steven Cullen Bennett
Steven Cullen Bennett (OCA Atty. Reg. No. 2417566)
Respondent.

Motion No. 2025-05816|Case No. 2025-06777|

[*1]In the Matter of Steven Cullen Bennett, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven Cullen Bennett (OCA Atty. Reg. No. 2417566), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Steven Cullen Bennett, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on June 25, 1991.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gina M. Patterson, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Steven Cullen Bennett was admitted to the practice of law in the State of New York by the Third Judicial Department on June 25, 1991. At all times relevant to this proceeding, he has maintained an address within the First Judicial Department.
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. The Attorney Grievance Committee (AGC) supports respondent's application.
In support of the relief sought respondent submitted his affidavit of resignation which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.
Respondent attests that he is currently the subject of an investigation conducted by the AGC involving allegations of professional misconduct that resulted in respondent's resignation from the practice of law in Connecticut, effective June 30, 2025. Specifically, respondent acknowledges that the allegations include that he failed to file an answer to a grievance complaint in Connecticut, failed to submit to an audit, and failed to attend three hours of continuing legal education.
Respondent further attests that he cannot successfully defend against the allegations under investigation based upon the facts and circumstances of his professional conduct as described herein.
Respondent also attests that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law. Respondent attests that the allegations do not include allegations of misappropriation or misapplied money and acknowledges that his resignation is submitted subject to any future application that may be made by a Committee to any Department of the Appellate Division for an order under Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Respondent further understands that, should the Court accept his resignation, the order resulting from his application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records in accordance with Judiciary Law § 90(10).
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts his resignation (see Matter of Darby, AD3d, 2025 NY Slip Op 04751 [1st Dept 2025]).
Accordingly, the motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 17, 2025, the date of his affidavit.
All concur.
Wherefore, it is Ordered that the application of respondent, Steven Cullen Bennett, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 17, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Steven Cullen Bennett, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Steven Cullen Bennett, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Steven Cullen Bennett, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: December 18, 2025